IN THE UNITED STATES DISTRICT COURT
FOR THE NORHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRANDON M. EVANS**<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>　　　　　Defendant. | CASE NO.<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff, Brandon M. Evans, by counsel, and hereby files his Complaint ("Complaint") against Defendant Experian Information Solutions, Inc. ("Defendant" or "Experian"), as follows:

## INTRODUCTION

1. This is an action for actual, statutory, and punitive damages, attorneys' fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*. ("FCRA").

2. Plaintiff is the victim of identity theft as the result of a fraudster's unauthorized use of some of his personal identifiable information ("PII") to apply for numerous accounts in his name and without his knowledge or consent.

3. Plaintiff is a "consumer" and Defendant is a "consumer reporting agency" as those terms are defined by the FCRA.

4. As set forth below, Defendant provided Plaintiff's consumer report to numerous third parties for credit applications for which Plaintiff did not apply nor otherwise authorize his consumer report to be provided by Defendant. Each time Defendant provided Plaintiff's consumer

report for these unauthorized applications, Experian posted a so-called hard inquiry to Plaintiff's credit file (the "Inaccurate Hard Inquiries"). A copy of the Inaccurate Hard Inquiries is attached hereto as Exhibit A. Defendant provided Plaintiff's consumer report to each of the companies (the "Hard Inquiry Companies") listed in the Inaccurate Hard Inquiries reflected in Exhibit A.

5. A hard inquiry can negatively impact Plaintiff's credit score. Defendant is aware that a hard inquiry can negatively impact a consumer's credit score, including Plaintiff's credit score. When Plaintiff disputed the Inaccurate Hard Inquiries, Defendant refused to reinvestigate his dispute. Defendant's actions, and inactions, in response to Plaintiff's dispute violated the FCRA. Defendant further violated the FCRA by providing Plaintiff's private consumer report(s) to the third parties for so-called "soft inquiries" when they did not have an open account with Plaintiff at the time nor any other permissible purpose under the FCRA.

6. As set forth below, Plaintiff suffered concrete harm as a result of Experian's violations of the FCRA.

## PARTIES, JURISDICTION, AND VENUE

7. At all times material to this action, Plaintiff was a resident of Ohio. He is a math teacher. He has a Bachelor's Degree in Secondary Mathematics and a Master's Degree in Educational Technology.

8. At all times material to this action, Defendant was an Ohio corporation doing business in Ohio.

9. Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: CT Corporation System, 4400 Easton Common Way, Suite 125, Columbus, OH 43219.

10. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p), and 28 U.S.C. § 1331.

11. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

12. Defendant is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

13. Plaintiff lives and works in Munroe Falls, Ohio.

14. In its 2022 Annual Report, Defendant reported a "Profit before tax" of $1,077,000,000.00 for the year 2022.

15. Upon information and belief, Plaintiff's PII was stolen and used by a third party to apply for at least eleven accounts (the "Fraud Applications").

16. Plaintiff did not authorize the Fraud Applications.

17. Plaintiff has not benefited from the Fraud Applications.

18. When Plaintiff reviewed his Experian credit file, he noticed the Inaccurate Hard Inquiries for the Fraud Applications including Inaccurate Hard Inquiries by Carvana, Ally Financial (two times), Bank of America (two times), Capital One Auto Finance (two times), Global Lending Services, J&S Autohaus, Exeter Finance LLC/WCG, and Resident Verify.  The Inaccurate Hard Inquiries are reflected in Exhibit A.

19. Plaintiff was surprised to see the Inaccurate Hard Inquiries on his Experian credit file and it caused him to experience aggravation, worry, and emotional distress.  Plaintiff was also required to spend his time and effort reviewing his Experian credit file for inaccurate and fraud-related information.

20. In addition to the Inaccurate Hard Inquiries, Plaintiff also identified at least thirty-five so-called "soft inquiries" on his Experian credit file that did not belong to him (the "Inaccurate Soft

Inquiries"), including Discovery Financial VCS (two times), Dominion Energy Services, Lending Club Corp, Salt River Project, and others (the "Soft Inquiry Companies"). A copy of the Inaccurate Soft Inquiries is attached hereto as Exhibit B. Defendant provided Plaintiff's consumer report to each of the Soft Inquiry Companies reflected in Exhibit B. Plaintiff did not receive any firm offers of credit from the Soft Inquiry Companies reflected in the Inaccurate Soft Inquiries and, further, did not have any open accounts with the Soft Inquiry Companies at the time(s) Defendant provided his consumer reports to each. Defendant's credit file for Plaintiff did not reflect any open accounts with the Soft Inquiry Companies at the times Defendant provided Plaintiff's consumer reports to them on or about the dates reflected in Exhibit B.

21. Given the fact that Defendant was reporting the Inaccurate Hard Inquiries and the Inaccurate Soft Inquiries on his credit file, Plaintiff took the time and effort to request and obtain a police report from the Munroe Falls Police Department dated January 4, 2023 (the "Police Report"). The Police Report included a photo of Plaintiff and listed each of the Inaccurate Hard Inquiries and Inaccurate Soft Inquiries. The Police Report stated that each of the Inaccurate Hard Inquiries and Inaccurate Soft Inquiries were the result of fraud.

22. The Police Report was completed by Officer Anthony Manusco and was a valid police report. It was not a fake police report.

23. On January 13, 2022, Plaintiff personally signed and mailed a dispute letter (the "Dispute Letter") to Defendant wherein he disputed the Inaccurate Hard Inquiries and Inaccurate Soft Inquiries. A copy of the Dispute Letter is attached hereto as Exhibit C. Plaintiff enclosed the Police Report with the Dispute Letter. He also enclosed a copy of his driver's license and a recent credit card bill with his current address with the Dispute Letter.

24. Defendant received the Dispute Letter and its enclosures on January 19, 2023, at approximately 4:03 pm CST. A copy of the certified mail receipt showing Defendant's receipt of the Dispute Letter is attached hereto as Exhibit D. Defendant did not reinvestigate the accuracy of the Inaccurate Hard Inquiries and/or the Inaccurate Soft Inquiries in response to Plaintiff's Dispute Letter. Pursuant to 15 U.S.C. § 1681i(a)(1)(A), Defendant had a duty under the FCRA to reinvestigate the issues in Plaintiff's Dispute Letter within thirty days of receiving it. Defendant did not determine that Plaintiff's Dispute Letter was frivolous or irrelevant under 15 U.S.C. § 1681i(a)(3)(A).

25. Instead, in response to Plaintiff's Dispute Letter, Defendant sent Plaintiff a letter dated January 20, 2023 ("Defendant's Response") – less than 24-hours after its receipt of Plaintiff's Dispute Letter – wherein it stated to Plaintiff that:

> We received a recent request regarding your credit information that does not appear to have been sent directly by you or to be authorized by you. As a precautionary measure, we have not taken any action on your alleged request. According to the federal Fair Credit Reporting Act "if the completeness or accuracy of any item of information contained in a consumer's file at a national credit reporting company is disputed by the consumer and the consumer notifies the company directly of such dispute, the company shall reinvestigate free of charge." Therefore, you can dispute any inaccurate information directly with Experian for free.
> If you believe that information in your personal credit report is inaccurate or incomplete, please call us at the phone number 833-421-3400, or visit our secure web site to upload your documents at www.experian.com/dispute.

A copy of Defendant's Response is attached hereto as Exhibit E.

26. Defendant's determination that Plaintiff's Dispute Letter "does not appear to have been sent directly by you or to be authorized by you" was, upon information and belief, made solely from Defendant's review of the envelope in which Plaintiff's Dispute Letter was sent and not the enclosed letter or enclosures.

27. Defendant's determination that Plaintiff's Dispute letter "does not appear to have been sent directly by you or to be authorized by you" was wrong. Plaintiff sent his Dispute Letter to Defendant personally and directly. He personally placed it in the U.S. Mail for delivery. He authorized and personally signed the Dispute Letter. The Dispute Letter was sent by itself and not combined with dispute letters from other consumers.

28. On or about February 17, 2023, Plaintiff called the telephone number provided by Defendant, 833-421-4300 (the "Automated Number"). He called the Automated Number two times. On each occasion, the call was answered by Defendant's automated system and not a live person. Upon information and belief, Defendant never answers the Automated Number with a live person.

29. Plaintiff spent his time and effort calling Defendant's Automated Number that Defendant had provided in Defendant's Response.

30. In each of Plaintiff's two calls to Defendant's Automated Number, Defendant's system placed him into an automated system that repeatedly asked him questions that were not related to his Dispute Letter and/or Defendant's Response. In the second call, after Plaintiff spent over four and a half minutes seeking to speak to a live person, Defendant's system hung up on Plaintiff.

31. As of the date of the filing of this lawsuit, Defendant has never reinvestigated the Inaccurate Hard Inquiries and/or the Inaccurate Soft Inquiries. As of the date of this lawsuit, Defendant is still including the Inaccurate hard Inquiries and the Inaccurate Soft Inquiries in Plaintiff's credit file. As of the date of this lawsuit, the Inaccurate Hard Inquiries continue to impact Plaintiff's credit score.

32. Upon information and belief, Defendant maintains a policy and procedure described as its "suspicious mail policy" (the "SMP"). Under Defendant's SMP, Defendant will send consumers,

6

like Plaintiff, letters such as Defendant's Response, if Defendant unilaterally determines that correspondence it receives, to use Defendant's words, "does not appear to have been sent directly [by the consumer] or be authorized by [the consumer]." Upon information and belief, Defendant employees 10-14 employes in its mailroom to sort through approximately 3,000 to 10,000 dispute letters it receives each day to determine whether any are to be deemed "suspicious" under its SMP. Upon information and belief, Defendant makes the determination each day that thousands of dispute letters from consumers are "suspicious" under its SMP. Defendant has misclassified numerous letters as "suspicious" under its SMP when they should not have been so-classified.

33. In at least one other federal lawsuit, *Younger v. Experian Information Services*, USDC N.D. Ala., 2:15-cv-00952-SCG (the "*Younger* Lawsuit") Defendant was found to have misapplied its SMP and a verdict was entered against it for violating the FCRA.

34. In the *Younger* Lawsuit, Defendant admitted that it had misapplied its SMP in that case.

35. Upon information and belief, Defendant has misapplied its Suspicious Mail Procedure in other instances in the last five years and wrongly determined that dispute letters from consumers were not directly sent by or authorized by the consumers when, in fact, they were.

36. Defendant misapplied its Suspicious Mail Procedure in the case of Plaintiff's Dispute Letter.

37. Defendant did not call Plaintiff to inquire further about his Dispute Letter before it sent Defendant's Response. Defendant did not contact the Munroe Falls Police Department or Officer Manusco before it sent Defendant's Response. Defendant did not contact any of the Hard Inquiry Companies before it sent Defendant's Response. Defendant did not contact any of the Soft Inquiry Companies before it sent Defendant's Response.

38. As a result of Defendant's violations of the FCRA, Plaintiff has suffered, and continues to suffer, emotional distress from having an inaccurate credit file that Defendant refuses to reinvestigate; emotional distress and invasion of privacy from Defendant's repeated instances of providing his private credit file to third parties that have no permissible purpose for it and/or with whom he does not have an open account; aggravation from being sent by Defendant to a worthless automated telephone system that was not tailored to his specific issue – an issue that Defendant created by refusing to reinvestigate his legitimate dispute, aggravation and stress from the experience of being forced by Defendant to attempt to navigate its automated phone system; embarrassment and anger when Defendant's automated phone system simply hung up on him; his time and effort to call Defendant and attempt to speak to a live person at the number Defendant provided; Defendant's deliberate effort to frustrate Plaintiff from speaking to a live person at the number Defendant provided; worry, frustration, hopelessness, concern about his ability to apply for and obtain credit; worry about his credit score being decreased because of the Inaccurate Hard Inquiries; reputational harm because his credit file contains the Inaccurate Hard Inquiries and Inaccurate Soft Inquiries and Defendant has repeatedly provided his credit file to third parties; his time and effort to review his credit files for inaccuracies; his time and expense to obtain the Police Report; and, his time and effort to continuously monitor his credit file for further inaccuracies and instances where Defendant simply seems to give his credit file to anyone whether he has an open account with them or not.

39. As a result of Defendant's violations of the FCRA, Plaintiff was required to retain legal counsel to assist him after he gave Defendant several opportunities to comply with its obligations under the FCRA and help him and it refused to do so each time.

**COUNT ONE:**
**Experian's Negligent Violations of the FCRA**

40. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

41. Defendant negligently violated the FCRA in at least the following ways:

   (a) Failing to meet its reinvestigation obligations with respect to Plaintiff's Dispute in violation of 15 U.S.C. § 1681i(a)(1)(A), and

   (b) Providing Plaintiff's consumer reports to the Soft Inquiries Companies in violation of 15 U.S.C. § 1681b(a)(3).

42. As a result of Defendant's violations of the FCRA, Plaintiff has been damaged as set forth above.

43. Pursuant to 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for his damages as set forth above and in an amount to be determined by the Court.

44. Pursuant to 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for his reasonable attorneys' fees and costs.

## COUNT TWO:
### Experian's Willful Violations of the FCRA

45. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

46. Defendant willfully violated the FCRA in at least the following ways:

   (a) Failing to meet its reinvestigation obligations with respect to Plaintiff's Dispute in violation of 15 U.S.C. § 1681i(a)(1)(A), and

   (b) Providing Plaintiff's consumer reports to the Soft Inquiries Companies in violation of 15 U.S.C. § 1681b(a)(3).

47. As a result of Defendant's willful violations of the FCRA, Plaintiff has been damaged as set forth above.

48. Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff for his damages as set forth above and in an amount to be determined by the jury.

49. Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff for statutory and punitive damages as a result of its willful violations of the FCRA.

50. Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff for his reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests the judgment be entered in his favor and against Defendant for his actual damages, punitive damages, statutory damages, attorneys' fees and costs, and all other relief deemed just, equitable, and proper by the Court.

**TRIAL BY JURY IS DEMANDED.**

Dated: February 27, 2023.

Respectfully submitted,

*/s/Mathhew A. Dooley*
Matthew A. Dooley (0081482)
DOOLEY, GEMBALA, MCLAUGHLIN
& PECORA CO., LPA
5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone: 440-930-4001
E-mail: mdooley@dooleygembala.com

Seth M. Lehrman, Esq. *(Pro Hac Vice forthcoming)*
EDWARDS POTTINGER, LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Telephone: 954-524-2820
E-mail: seth@epllc.com

John A. Love, Esq. *(Pro Hac Vice forthcoming)*
LOVE CONSUMER LAW
2500 Northwinds Parkway, Suite 330
Alpharetta, Georgia 30009
Telephone: 404-855-3600
E-mail: tlove@loveconsumerlaw.com

*Counsel for Plaintiff*